|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |

RODOLFO LANDA RIVERA,

    Plaintiff,

    v.

VELEZ, et al.,

    Defendants.

Civil No. 04-2349 (JAF)
Civil No. 04-2013 (JAF)

**O R D E R**

Plaintiff brings a § 1983 claim against Defendants Vélez, Area Médica Malvina, the United States of America, Ponce Principal, and the Puerto Rico Department of Health for violations of the Eighth and Fourteenth Amendments of the United States Constitution. Docket Document No. 1. This court has a continuing duty to examine sua sponte whether the civil complaint before it contains the necessary averments to trigger its jurisdiction, as federal jurisdiction must always be pled and proved.  We find that the allegations in this case, seen in the light most favorable to Plaintiff, fail to state a 42 U.S.C. § 1983 (2003 & Supp. 2004) cause of action.[1]

Plaintiff alleges that while he was incarcerated at a maximum security prison operated by Defendant Ponce Principal, Defendant Vélez misdiagnosed him with Auto Immune Deficiency Syndrome (AIDS),

---

[1] Plaintiff has brought identical claims in Civil Nos. 04-2013 and 04-2349. The two cases are now consolidated, and both are considered in the present order.

Civil Nos. 04-2349 (JAF), 04-2013 (JAF)                                    -2-

due to a false positive test result, causing him emotional distress. Docket Document No. 1. Pursuant to the Supreme Court's holding in Estelle v. Gamble, 429 U.S. 97 (1976), it is "the government's obligation to provide medical care for those whom it is punishing by incarceration." Id., at 103. Accordingly, "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id., at 105. In considering whether Plaintiff's Eighth Amendment claim may proceed, we note that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment . . . . Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Gamble, 429 U.S. at 106. In asserting that he was misdiagnosed with AIDS, Plaintiff fails to allege that Defendants exercised the "deliberate indifference to [Plaintiff's] serious medical needs" necessary to assert a § 1983 claim under Gamble. Id., at 106.

In addition, because Puerto Rico's one-year limitation period for tort actions applies to this case and all of the operative facts in the present case allegedly occurred in 1995 and 1996, Docket Document No. 1, Plaintiff's § 1983 claim is time-barred. 31 L.P.R.A. § 5298(2); Poy v. Boutselis, 352 F.3d 479, 484 (1st Cir. 2003); Torres v. Superintendent of Police of P.R., 893 F.2d 404, 406 (1st Cir. 1990); Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997); Wilson v. García, 471 U.S. 261, 280 (1985).

Civil Nos. 04-2349 (JAF), 04-2013 (JAF)                                  -3-

We, therefore, dismiss Plaintiff's claims.  Judgment to be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of May, 2005.

                                              S/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                        Chief U. S. District Judge